321



# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 25, 1947

FAGAN DICKSON
FIRST ASSISTANT

Hon. Bruce L. Parker
County Attorney
Gray County
Pampa, Texas

Opinion No. V-359

Re:  Several questions re-
lative to the authority
of the Commissioners'
Court and the sheriff
respecting the feeding
of prisoners in the
county jail.

Dear Sir:

      Your request for an opinion from this office
on the above subject matter is in part as follows:

      "During the months of March and April
of this year the Sheriff of this County em-
ployed his wife to prepare the food for the
prisoners at the county jail and a state-
ment for her services in the amount of $60.-
00 per month has been placed in the hands of
the County Auditor for approval.  The Auditor
has asked me for my opinion as to whether or
not this bill can be allowed and paid out of
county funds.  I would like to have your opin-
ion as to the validity of this claim and wheth-
er or not it can be paid out of county funds
as other bills are paid.

      "Your attention is directed to Art. 1041,
Code of Criminal Procedure, as amended, Ch.
104, Acts of the 50th Legislature, 1947, at
Page 166, authorizing the employment of matrons
and guards by the sheriff.  Will you also ad-
vise me the maximum that can be allowed the
sheriff for the jail cook or matron.

      "Your attention is further directed to Art.
1040 to 1043.

      "I would like further to have your opin-
ion on the following question pertaining to the
care of prisoners:  Can the Commissioners' Court
contract with the sheriff to pay the sheriff an

322

allowance of not less than .40¢ per day and
not more than .75¢ per day for the support
and maintenance of each prisoner.  In other
words are the provisions of Section 2 of
Art. 1040 applicable to this County at the
present time.

"Your attention is further directed to
the provisions of Art. 3899, R.C.S. of Texas,
1925, which authorizes the payment by the
Commissioners' Court of the County of the
expenses of the various county officials who
are paid on a salary basis.

"I would like to know further whether
or not the Commissioners' Court or the Sher-
iff of this County can purchase the meals
for the prisoners at a cafe with the charges
therefor to be paid by the Commissioners'
Court out of county funds."

Article 432, V. P. C., provides:

"No officer of this State or any offi-
cer of any district, county, city, precinct,
school district, or other municipal sub-
division of this State, or any officer or
member of any State, district, county, city,
school district or other municipal board, or
judge of any court, created by or under au-
thority of any general or special law of this
State, or any member of the Legislature, shall
appoint, or vote for, or confirm the appoint-
ment to any office, position, clerkship, em-
ployment or duty, of any person related within
the second degree by affinity or within the
third degree by consanguinity to the person so
appointing or so voting, or to any other mem-
ber of any such board, the Legislature, or
court of which such person so appointing or
voting may be a member, when the salary, fees,
or compensation of such appointee is to be
paid for, directly or indirectly, out of or
from public funds or fees of office of any
kind or character whatsoever."

Article 435, V.P.C., provides:

"No officer or other person included within the third preceding article shall approve any account or draw or authorize the drawing of any warrant or order to pay any salary, fee or compensation of such ineligible officer or person, knowing him to be so ineligible."

The sheriff is an officer of the county and his wife is related to him "within the second degree by affinity." See Attorney General's Opinions Nos. 0-31 and 0-4973. It is therefore our opinion that the sheriff is prohibited by the plain provisions of Article 432, V.P.C., from employing his wife as a cook for such prisoners. It is our further opinion that the county auditor is not authorized to approve for payment any claim of the sheriff's wife for such services.

Article 6871, V.C.S., authorizes the employment of a jail matron. Article 1041, V.C.C.P., as amended by H. B. 540, Acts of the 50th Leg., p. 166, Vernon's Texas Session Law Service, provides for a maximum compensation for each matron necessarily employed for the safekeeping of prisoners in counties of 40,000 or less inhabitants of Two Dollars and Fifty Cents ($2.50) each day. Cooper v. Johnson County, 212 S.W. 528; State v. Carnes, 106 S.W. (2d) 397.

It was held in Attorney General's Opinion No. 0-4377 that the sheriff had the authority to employ a cook-maid to cook food for and serve food to the prisoners and to do household work necessary for the maintenance of the prisoners. It was further held in said opinion that the salary paid to such cook-maid should be deducted as an expense against the sheriff's allowance. We know of no statute fixing a maximum that may be paid a cook for the prisoners. Therefore, it is our opinion that the sheriff may employ a cook and pay the cook a salary as long as the salary is a reasonable one. Such salary is considered as a part of the cost of feeding the prisoners. State v. Carnes, supra.

We quote the following from Attorney General's Opinion No. 0-1242:

"In answer to your second question, you are advised that ever since January 1, 1936,

the effective date of Chapter 465, Acts of the Second Called Session of the Forty-fourth Legislature, generally known as the 'Officers Salary Act', this office has consistently held that where a sheriff is compensated on a salary basis, the Commissioners Court is unauthorized to pay any fee whatsoever for services performed and cannot allow him any specified sum for the boarding of prisoners, but only for actual expenses incurred by him in feeding the prisoners in his custody."

The above holding was followed in Attorney General's Opinion No. 0-2379. In view of the foregoing, your third question is answered in the negative, and you are advised that where the sheriff is compensated on a salary basis, the Commissioners' Court cannot allow him any specefic sum for the boarding of prisoners, but only for actual expenses incurred by him in feeding the prisoners in his custody.

This office has repeatedly held that the sheriff has the authority and is authorized by statute to feed and purchase all supplies necessary for the maintenance of prisoners and that such authority is not conferred upon the Commissioners' Court, either directly or indirectly. Attorney General's Opinions Nos. 0-329, 0-1228 and 0-4377.

Since it is the duty of the sheriff to feed the prisoners, it is our opinion that he is authorized to purchase their meals from a cafe if he deems that it is the best method to be used in feeding the prisoners. The Commissioners' Court is authorized to pay the sheriff for actual expenses incurred by him in feeding the prisoners.

### SUMMARY

1. The sheriff is prohibited from employing his wife as a cook for prisoners in the county jail. Arts. 432 and 435, V.P.C.

2. The maximum compensation for each matron necessarily employed for the safe-keeping of prisoners in counties of 40,000 or less inhabitants is $2.50 each day. Art. 1041, V.C.C.P., as amended by H. B. 540, Acts of the 50th Leg., p. 166, Vernon's Texas Session Law Service.

325

3.   The Commissioners' Court is not authorized to allow the sheriff any specific sum for the boarding of prisoners but only the actual expenses incurred by him in feeding the prisoners in his custody, whether at a cafe or otherwise.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *John Reeves*
John Reeves
Assistant

JR:djm

APPROVED:

*Fagan Dickson*
FIRST ASSISTANT
ATTORNEY GENERAL